S & R REALTY CORPORATION *vs.* BERNARD MARRON & others. March 24, 1977. The plaintiff's brief is replete with assertions of fact not substantiated by anything found in the record (see *Currens* v. *Assessors of Boston,* 370 Mass. 249, 254 [1976]), and we have experienced some difficulty in discovering anything which rises to the level of appellate argument (see Mass.R.A.P. 16[a] [4], as amended, 367 Mass. 921 [1975]; *Lolos* v. *Berlin,* 338 Mass. 10, 13-14 [1958]). We discuss only three of the points which were not waived at oral argument. 1. No error appears in the denial of the plaintiff's motion under Mass.R.Civ.P. 37 (a) (2), 365 Mass. 797 (1974); there is nothing in the record which casts doubt on the truth of the defendants' response that they had no documents pertaining to the subjects designated by the plaintiff in its request under Mass.R.Civ.P. 34(a), 365 Mass. 792 (1974). 2. Nor has any error been demonstrated in the denial of the plaintiff's motion to strike the appearance of counsel for the defendants. We have been given no statement of the evidence or proceedings at the hearing on the motion (Mass.R.A.P. 8[c], 365 Mass. 850 [1974]), and the denial of the motion can be explained either by the judge's believing the statements in the affidavit of counsel for the defendants or by his refusal to believe the statements in the affidavit of the plaintiff's president. See *Farley* v. *Sprague, ante,* 799 (1977). 3. The plaintiff was not harmed (see G. L. c. 231, § 119, as appearing in St. 1973, c. 1114, § 202; Mass.R.Civ.P. 61, 365 Mass. 829 [1974]) by the trial judge's failure to make findings of the type contemplated by the last sentences of Mass.R.Civ.P. 41(b) (2) and 52(a), 365 Mass. 804 and 816 (1974); neither the evidence nor the offer of proof made through the plaintiff's president was sufficient to warrant a finding for the plaintiff on the cause of action alleged in the complaint (as further amended following our order of June 7, 1974), and findings of fact would have served no useful purpose.

> *Judgment affirmed with double costs.*

*Frederick T. Golder* for the plaintiff.
*Timothy J. O'Keefe* for the defendants.