PEDRO MARTI *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another.[1] January 9, 1986. *Employment Security,* Misconduct by employee.

Following denial of his claim for unemployment compensation benefits on December 15, 1982, the claimant, at a hearing before a review examiner,

---

[1] *Gordon Aluminum Inc.*

sought to reverse the initial decision. The review examiner affirmed the denial and the board of review (board) denied his request for a review thereby adopting the review examiner's decision. G. L. c. 151A, § 41 (*c*) (1984 ed.). There followed an amended petition for review in the Boston Municipal Court Department after the original petition had been dismissed on procedural grounds. A judge of that court affirmed the decision of the board and an appeal was taken to this court. G. L. c. 151A, § 42 (1984 ed.). We affirm.

We learn from the findings of the review examiner that the claimant, who was plant foreman, had worked for Gordon Aluminum Inc., for a number of years until his employment was terminated on November 15, 1982, for permitting an employee to work overtime in direct contravention of the owner's orders. The regular working hours were from 8 A.M. to 4:30 P.M. The owner concealed himself in the plant one morning and observed the claimant and an employee arrive at 6 A.M. The employee did not punch his time card. The owner observed the employee working. When he approached the claimant and employee prior to 7 A.M. and asked what was going on, he received no reply. The claimant and the employee were discharged at that time.

The review examiner found that the claimant's discharge was "due solely to deliberate misconduct in wilful disregard of the employer's interests" within the meaning of G. L. c. 151A, § 25 (*e*) (2) (1984 ed.). There was a finding of that state of mind which is supportive of the conclusion that the claimant's conduct constituted deliberate misconduct in wilful disregard of the employer's interest. See *Torres* v. *Director of the Div. of Employment Sec.*, 387 Mass. 776, 779 (1982). Specifically, the board found that the claimant was discharged for permitting overtime *after* being told by the employer that there was to be no overtime. He was found to have disobeyed this order. See *Goodridge* v. *Director of the Div. of Employment Sec.*, 375 Mass. 434, 436 (1978). There was substantial evidence in the record to support this conclusion. See G. L. c. 30A, § 1 (6) (1984 ed.); *Lycurgus* v. *Director of the Div. of Employment Sec.*, 391 Mass. 623, 627 (1984).

*Judgment affirmed.*

*Virgen M. Palermo* for the employee.

*Alan Leslie Rosenfield,* Assistant Attorney General, for Director of the Division of Employment Security.

*Richard J. Levin,* for the employer, submitted a brief.