GEORGE QUINTAL *vs.* COMMISSIONER OF THE DEPARTMENT
OF EMPLOYMENT AND TRAINING.

Bristol. October 3, 1994. - November 16, 1994.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Employment Security,* Findings, Judicial review, Eligibility for benefits,
Misconduct by employee.

A review examiner of the Department of Employment and Training com-
mitted no error in concluding that an unemployment compensation
claimant's conduct in refusing to tell his employer what had become of
company property that the claimant admitted he had removed from a
warehouse was deliberate misconduct in wilful disregard of the em-
ployer's interest within the meaning of G. L. c. 151A, § 25 (*e*) (2)
[858-860], and the review examiner's findings were supported by sub-
stantial evidence [860]; moreover, constitutional protections against
self-incrimination were not implicated by the claimant's silence in the
circumstances of a civil proceeding [861].

CIVIL ACTION commenced in the Fall River Division of the
District Court Department on May 3, 1993.

The case was heard by *John H. O'Neil,* J.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Deborah G. Roher* for the plaintiff.

*Macy Lee,* Assistant Attorney General (*Bruce W. Burgess*
with her) for the defendant.

NOLAN, J. The plaintiff appeals from a judgment of a Dis-
trict Court judge affirming a decision of the Department of
Employment and Training (department) denying the plain-
tiff's claim for unemployment compensation benefits. We
affirm.

A department review examiner concluded that the plain-
tiff's employer had discharged the plaintiff for deliberate
misconduct in wilful disregard of his employer's interest

within the meaning of G. L. c. 151A, § 25 (e) (2) (1990 ed.).[1] The department's board of review (board) adopted the review examiner's findings and affirmed her decision. On appeal, the District Court judge affirmed the decision of the board. The plaintiff appealed to the Appeals Court. We transferred the case to this court on our own motion.

We summarize the findings of the review examiner.[2] The Louis Berkman Company (Berkman) manufactures painted barrels. Berkman employed the plaintiff as a storage manager from June 8, 1978, until March 13, 1992. On March 9, 1992, Berkman employees placed approximately sixty painted barrels, which Berkman had manufactured, on a truck for shipment. Later in the day, a Berkman warehouse manager telephoned the trucking company's warehouse and advised a manager that the barrels had been placed on the truck by mistake. After the work day had ended, the plaintiff drove to the warehouse and loaded the barrels into a private van, removing the barrels from those premises. Berkman, however, has no record that the plaintiff ever returned the barrels to its warehouse.

---

[1] General Laws c. 151A, § 25 (e) (2) (1990 ed.) states: "No . . . benefits shall be paid to an individual under this chapter . . .

"(e) For the period of unemployment next ensuing and until the individual has had at least four weeks of work and in each of said weeks has earned an amount equivalent to or in excess of his weekly benefit amount after he has left work . . . (2) by discharge shown to the satisfaction of the commissioner to be attributable solely to deliberate misconduct in wilful disregard of the employing unit's interest . . . ."

The Legislature recently amended G. L. c. 151A, § 25 (e) (2) (1990 ed.), deleting the word "solely" from the phrase, "attributable *solely* to deliberate misconduct in wilful disregard of his employing unit's interest." St. 1992, c. 26, § 19. The amendment became effective on April 27, 1992. St. 1992, c. 26, § 36. Absent language mandating retrospective application of an amendment, the amended statute should not be applied to conduct occurring prior to the effective date of the amendment. *Fontaine* v. *Ebtec Corp.*, 415 Mass. 309, 318 (1993). Thus, we must apply the earlier version of G. L. c. 151A, § 25 (e) (2), because Berkman discharged the plaintiff on March 13, 1992.

[2] Since the board adopted the findings of the review examiner, we consider the review examiner's findings to be the findings of the board. *Moore* v. *Director of the Div. of Employment Sec.*, 390 Mass. 1004, 1004 n.2 (1983).

Prior to the disappearance of the barrels, Berkman's general manager had become suspicious about the shipment because the barrels were relatively expensive and Berkman rarely sold such a large quantity of that particular type. After investigating the shipment, the general manager suspended the warehouse manager from employment because the warehouse manager had been unable to produce the proper paperwork for the shipment.[3] On March 13, 1992, the plaintiff, who was accompanied by a union representative, met with the general manager of Berkman. Although the union representative acknowledged that the plaintiff had removed the barrels from the warehouse, the plaintiff refused to state what had become of the barrels. As a result, the general manager discharged the plaintiff.

The review examiner found that, "[t]he employer reasonably expected an explanation from the [plaintiff] as to what he did with the barrels, which were company property. The [plaintiff] could have met this reasonable expectation by simply telling the employer what he had done with the barrels after he [had] picked them up at a warehouse. The [plaintiff's] failure to supply the employer with this information was in wilful disregard of the employer's interest, and was deliberate misconduct."

The review examiner determined that "[t]he [plaintiff's] contention that he would have been discharged regardless of the explanation he offered the manager because he noted his discharge papers before he was queried, is rejected. It is not credible that the employer would have discharged the [plaintiff] if he could exonerate himself with an explanation." As a result, the review examiner concluded that the plaintiff's discharge "was attributable solely to deliberate misconduct in

---

[3]The general manager had requested the warehouse manager to produce the proper paperwork for the shipment. At first, the warehouse manager claimed that he had the proper shipping papers. The warehouse manager later recanted, informing the general manager that there were no shipping papers relating to the transaction because the barrels had been shipped to compensate for a prior deficient shipment. Berkman suspended him on March 11, 1992, and the warehouse manager quit his job the next day.

wilful disregard of the employer's interest, within the meaning of Section 25(e)(2) of the Law."

The plaintiff argues that the review examiner erred when she denied the plaintiff's claim for unemployment compensation benefits based on the plaintiff's refusal to state what he had done with the barrels. We disagree and conclude that the review examiner properly applied G. L. c. 151A, § 25 (*e*) (2), in denying the plaintiff's claim for unemployment compensation benefits.

The board is the sole finder of the facts. *Guarino* v. *Director of the Div. of Employment Sec.*, 393 Mass. 89, 92 (1984). Judicial review of the findings and decisions of the board "shall be reviewed in accordance with the standards for review provided in paragraph (7) of section fourteen of chapter thirty A." G. L. c. 151A, § 42 (1992 ed.).[4] Our function, therefore, is to determine whether the review examiner applied the correct legal principles in denying unemployment compensation benefits to the plaintiff. *Lycurgus* v. *Director of the Div. of Employment Sec.*, 391 Mass. 623, 626-627 (1984). In addition, we must consider whether the re-

---

[4]General Laws c. 30A, § 14 (7) (1992 ed.), provides: "The court may affirm the decision of the agency, or remand the matter for further proceedings before the agency; or the court may set aside or modify the decision, or compel any action unlawfully withheld or unreasonably delayed, if it determines that the substantial rights of any party may have been prejudiced because the agency decision is—

"(*a*) In violation of constitutional provisions; or

"(*b*) In excess of the statutory authority or jurisdiction of the agency; or

"(*c*) Based upon an error of law; or

"(*d*) Made upon unlawful procedure; or

"(*e*) Unsupported by substantial evidence; or

"(*f*) Unwarranted by facts found by the court on the record as submitted or as amplified under paragraph (6) of this section, in those instances where the court is constitutionally required to make independent findings of fact; or

"(*g*) Arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law.

"The court shall make the foregoing determinations upon consideration of the entire record, or such portions of the record as may be cited by the parties. The court shall give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it."

view examiner's findings are supported by substantial evidence. *Id.* at 627.

An individual is not entitled to unemployment compensation benefits if his discharge is attributable solely to deliberate misconduct in wilful disregard of his employer's interest. G. L. c. 151A, § 25 (*e*) (2). In addition, the employer has the burden of proving that an employee should be disqualified for wilful misconduct. *Cantres* v. *Director of the Div. of Employment Sec.*, 396 Mass. 226, 232 (1985). In the present case, the review examiner found that Berkman had discharged the plaintiff for theft of company property. In considering whether the plaintiff was entitled to unemployment benefits, however, the review examiner focused on the plaintiff's refusal to tell Berkman what had become of the barrels. The plaintiff claims that the review examiner erred as a matter of law in disqualifying the plaintiff from unemployment compensation benefits on the basis of conduct that was not the reason for his discharge.

We disagree because Berkman's decision to discharge the plaintiff and the department's denial of unemployment benefits arose out of the same basic facts: the plaintiff's removal of the barrels from the warehouse and his subsequent refusal to state what had become of the barrels. Although the plaintiff's refusal could have directly supported a finding that he had participated in the theft of the barrels, Berkman did not have to prove that the plaintiff had stolen the barrels to ensure that the review examiner denied the plaintiff's claim. Rather, we are content with the review examiner's finding that Berkman had satisfied its burden of proof once the plaintiff acknowledged that he had removed the barrels from the warehouse and then refused to state what had become of the barrels. Berkman, therefore, satisfied its burden of proof that the plaintiff had acted in wilful disregard of his employer's interest without having to prove that the plaintiff had participated in the theft of company property. As a result, we hold that the review examiner committed no error in concluding that the plaintiff's refusal to tell Berkman what had become of the barrels after they were removed from the

warehouse constituted deliberate misconduct in wilful disregard of Berkman's interest within the meaning of G. L. c. 151A, § 25 (*e*) (2).

The plaintiff also claims that the review examiner failed to make the necessary subsidiary findings to support the conclusion that the plaintiff's behavior constituted deliberate misconduct in wilful disregard of the employer's interest. We disagree. The "critical factual issue in determining whether an employee's discharge resulted from his wilful or intentional misconduct is the employee's state of mind at the time of his misconduct." *Torres* v. *Director of the Div. of Employment Sec.*, 387 Mass. 776, 779 (1982). In addition, the review examiner's findings must be supported by substantial evidence. *Lycurgus* v. *Director of the Div. of Employment Sec.*, *supra* at 627-628, citing *Smith* v. *Director of the Div. of Employment Sec.*, 376 Mass. 563, 564 (1978). "Substantial evidence is 'such evidence as a reasonable mind might accept as adequate to support a conclusion,' taking 'into account whatever in the record detracts from its weight.' " *Lycurgus* v. *Director of the Div. of Employment Sec.*, *supra* at 627-628, quoting *New Boston Garden Corp.* v. *Assessors of Boston*, 383 Mass. 456, 466 (1981).

In the present case, the review examiner focused on the conduct of the plaintiff at the time of the hearing and the plaintiff's refusal to tell Berkman what he had done with the barrels. In light of the fact that the plaintiff admitted that he had removed the barrels from the warehouse, it is reasonable to conclude that the plaintiff knew where the barrels were located. In addition, because the barrels were Berkman's property, the plaintiff reasonably should have expected that Berkman would demand the return of the barrels. Absent the return of the barrels, the plaintiff reasonably should have known that Berkman was entitled to an explanation regarding their location. It is reasonable to conclude, therefore, that the plaintiff's refusal was deliberate misconduct in wilful disregard of Berkman's interest. As a result, we are content that the review examiner's findings were supported by substantial evidence.

The plaintiff also contends that the department violated his right against self-incrimination, guaranteed by the Fifth Amendment to the United States Constitution and art. 12 of the Declaration of Rights of the Constitution of Massachusetts, when the department found that the plaintiff's refusal constituted "deliberate misconduct." We disagree.

"In a civil action, a reasonable inference adverse to a party may be drawn from the refusal of that party to testify on the grounds of self-incrimination." *Labor Relations Comm'n* v. *Fall River Educators' Ass'n*, 382 Mass. 465, 471 (1981). See *Baxter* v. *Palmigiano*, 425 U.S. 308, 318 (1976). Nevertheless, the adverse inference drawn from the silence of a party is insufficient, "by itself, to meet an opponent's burden of proof." *Custody of Two Minors*, 396 Mass. 610, 616 (1986). See *Baxter* v. *Palmigiano*, *supra* at 317. Instead, "a case adverse to the interests of the party affected [must be] presented" before an adverse inference may be drawn. *Custody of Two Minors*, *supra* at 616, citing *Mitchell* v. *Silverstein*, 323 Mass. 239, 240 (1948).

In the present case, the plaintiff, who was accompanied by a union representative, attended a meeting with Berkman's general manager concerning the missing barrels. At the meeting, the union representative acknowledged that the plaintiff had removed the barrels from the warehouse. The plaintiff, however, refused to respond to Berkman's question concerning what had become of the barrels after they were removed from the warehouse. It was, therefore, permissible for the review examiner to draw an adverse inference from the plaintiff's silence because other evidence had been presented against the plaintiff. Furthermore, the review examiner did not conclude from the plaintiff's silence that he had participated in the theft of the barrels. Rather, the review examiner viewed the plaintiff's decision to remain silent as wilful disregard of Berkman's economic interest.

*Judgment affirmed.*