O’Neill, J.
Plaintiff appeals under G.L.c. 175, §113P, from the imposition of a surcharge.
FINDINGS OF FACT
1. The plaintiff, Alfonso Arguello, was the operator of a motor vehicle involved in a multi-vehicle rear end accident on September 13, 1993.
2. As a result of said accident, the Arnica Mutual Insurance Company imposed a surcharge for paying a claim in excess of $200.00 in which the insured was more than fifty percent at'fault.
3. The insurance company alleges that the plaintiff caused $636.00 property damage as a result of the operation of his vehicle.
4. The only description of the accident contained anywhere in the record is that the insured, Alfonso Arguello, was operating a motor vehicle on Route 28 when he came in contact with the truck ahead of him. In his own words he “tapped” the truck. At that time there was no visible damage to either vehicle. Thereafter, the insured’s vehicle was struck in the rear and forced into the truck again. As a result of the second impact, there was substantial damage to the insured’s vehicle and the truck. After the accident, the operator of the vehicle to the insured’s rear, exited her vehicle and said that she saw no one stopping and that she had looked away for the moment.
5. As this is the only description of the happening of the accident from any source contained in the record, the Court accepts this version.
6. On the basis of this version of the accident, the insured was clearly not liable for any damage which flowed from this multi-vehicle sequential rear-end collision. Therefore, the imposition of a surcharge is not warranted.
7. In view of the facts contained in the record, there being not one scintilla of evidence that the insured caused more than $200.00 of property damage, costs will be awarded against the insurance company in the sum of $412.50.[1]
8. By way of dicta, the Court is disturbed by the brief filed by the Office of the Attorney General on behalf of the defendant Board of Appeals. The Statement of Facts set forth by the Attorney General contains the following on page 2: “[t]he plaintiffs vehicle collided into the rear end of another vehicle causing substantial damage.” The brief then refers to the record, pages 3, 4, 8 and 9. A review of those pages of the record reveals that there is not one iota of evidence or fact supporting that assertion in the Attorney General’s brief. The problem this creates is that in a court as busy as the Superior Court many judges including myself do not have the time to sit down and go through the record before deciding these cases. Therefore, we might be inclined to rely on the assertions of the Chief law officer of the Commonwealth of Massachusetts. When these assertions are totally unsubstantiated, this is a cause of concern to this Court.
RULINGS OF LAW
1. The Court’s inquiry is confined to the record developed before the Board.
2. The function of the Court is to consider the entire record and to sustain the Board’s decision unless it is unsupported by substantial evidence (emphasis supplied). Langlitz v. Board of Registration of Chiropractors, 396 Mass. 374, 379 (1985).
3. “ ‘Substantial evidence’ means such evidence as a reasonable mind might accept as adequate to support a conclusion.” G.L.c. 30A, §1(6). See Lycurgus v. Dir. of Div. of Employment Security, 391 Mass. 623, 627-28 (1984).
4. I find and rule that the insurance company’s decision to impose a surcharge upon the plaintiff was not supported by substantial evidence and therefore shall be vacated.
5. General Laws, c. 175, §113P provides “Said Court may make such order as to costs as it or he deems equitable.”
ORDER
Based upon the foregoing, it is hereby ORDERED that the imposition of a surcharge upon the plaintiff, Alfonso Arguello, by the Arnica Insurance Company as a result of an accident on September 13, 1993, is VACATED. It is further ORDERED that $412.50 in costs is assessed against said insurance company, said sum to be paid within thirty (30) days.

$185.00 entry fee; $27.50 for service of process and a $200.00 attorneys fee.