Hamlin, J.
Plaintiff Kerry Sullivan (Sullivan) appeals an administrative decision of the Board of Appeal on Motor Vehicle Liability Policies and Bonds (the Board) pursuant to G.L.c. 30A. The Board upheld the imposition of an insurance surcharge against Sullivan based on an accident on June 4, 1993 in Lexington. For the following reasons, the decision of the Board is reversed and modified as set out below.
Background
The administrative record sets forth the following facts. On June 4, 1993, Sullivan was involved in an automobile accident in Lexington. Sullivan’s vehicle collided with the vehicle of Adam Orenstein at the intersection of Marrett Road and Waltham Street. A Lexington Police officer appeared on the scene after the accident and prepared a report.[1] The officer cited Sullivan for “failing to use care in turning.” Sullivan requested a hearing on the citation and a Concord District Court Clerk-Magistrate entered a judgment of “not responsible” in Sullivan’s favor. Photographs of the vehicles involved in the accident show damage to the front bumper of Sullivan’s vehicle and to the front *60 bumper and front left fender of the other vehicle. The only witness at the Board hearing with direct knowledge of the accident was Sullivan who stated that she was stopped, waiting to turn left onto Waltham Street, when the accident occurred. Other than the testimony of the Plaintiff, whom the Board found to be not credible, the Board heard no eyewitness account of the accident.
Following the accident, Sullivan’s insurer, Defendant Safety Insurance Co., imposed a surcharge on Sullivan’s insurance premium. Sullivan appealed the surcharge assessment to the Board, which heard her appeal and upheld the surcharge.
Discussion
The Court may reverse or modify an administrative agency’s decision if it determines that the rights of any party may have been prejudiced because the agency decision is unsupported by substantial evidence. G.L.c. 30A, §14(7). “Substantial evidence” means evidence that a reasonable mind might accept as adequate to support a conclusion. G.L.c. 30A, §1(6); see, Lycurgus v. Director of the Div. of Employment Sec., 391 Mass. 623, 627-28 (1984). The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Apps. on Motor Vehicle Liab. Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989). The Court is required, in reviewing an agency decision, to give due weigh to the agency’s experience, technical competence, specialized knowledge and statutorily conferred discretionary authority. G.L.c. 30A, §14(7); Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992). The Court may not substitute its judgment for that of the agency. Southern Worcester County Reg. Voc. Sch. Dist. v. Labor Relations Cornm’n, 386 Mass. 414, 420-21 (1982).
Insurers of motor vehicles in Massachusetts are required to impose surcharges on insured drivers who are more than fifty percent at fault in causing a motor vehicle accident. G.L.c. 175, §§113B, 113P; 211 C.M.R. §74.01-74.04. The regulations create standards of fault which are “determinative unless a showing to the contrary is demonstrated by the evidence . . .” 211 C.M.R. §74.03. The applicable regulation creates a presumption that a driver involved in a collision while executing a left hand turn is presumptively more than fifty percent at fault. 211 C.M.R. §74.04(15).[2] In the context of this case, then Sullivan must show that the Board’s finding that she was making a left hand turn at the time of the accident was not supported by “substantial evidence” and that therefore, the Board improperly upheld the surcharge.
After a review of the administrative record, the Court is not convinced that the Board’s finding that Sullivan was executing a left hand turn was supported by “substantial evidence” in the administrative record. The only evidence in the administrative record that Sullivan was turning left at the time the collision occurred is the police report, a document which was prepared after the fact by an officer who did not observe the accident. A clerk-magistrate later overturned the citation against Sullivan, finding her not responsible. As the Appeals Court held in Merisme, hearsay in a police report alone, without additional indicia of reliability, is not sufficient to support a finding that there was substantial evidence. 27 Mass.App.Ct. at 475.
Moreover, the photographs of the automobiles involved in the accident show damage to the front portions of both vehicles, and could reasonably lead to the conclusion that the cars collided head-on, as opposed to during a left hand turn. In sum, the evidence is simply not enough for a reasonable mind to accept as adequate to support the conclusion that Sullivan was turning left at the time of the accident. G.L.c. 30A, §1(6). It is within the Board’s broad discretion to weigh the evidence and to make its own credibility determinations as to the evidence. Southern Worcester County Reg. Voc. Sch. Dist., 386 Mass, at 420. Further, the court acknowledges the great deference generally given in judicial review of administrative decisions pursuant to Chapter 30A. See, Fitchburg Gas & Electric Light Co. v. Department of Public Utils., 394 Mass. 671, 681 (1985). Here, however, even accepting the Board’s credibility determinations, there is a paucity of evidence in the record that Sullivan was turning left, and thus at fault. The statement of one who did not see the accident and whose determination of Sullivan’s fault in the accident was later overturned is not substantial evidence. Sullivan would be prejudiced if this decision were allowed to stand in that her motor vehicle insurance would increase by fifty percent. 211 C.M.R. §74.04(15). For these reasons, the Board’s decision must be reversed and the Court finds that the evidence was not sufficient to find that Kerry Sullivan was more than fifty percent at fault. G.L.c. 30A, §14(7).
Order
For the reasons stated herein, the decision of the Board of Appeal on Motor Vehicle Policies and Bonds is reversed and modified to find that Kerry Sullivan was not more than fifty percent at fault.

The police report was among the evidence before the Board, but there is no indication in the administrative record that the police officer saw the accident, or that the police officer appeared as a witness at the Board’s hearing of Sullivan’s appeal.

The applicable subsection states, in pertinent part: “An operator of a vehicle ... , while making a left turn across the path of travel of a vehicle moving in the opposite direction and in collision with such vehicle, shall be presumed to be at fault in excess of 50%.” Id.