Gershengorn, J.
Plaintiff brought the present action alleging deceit, breach of contract, and civil conspiracy. In August 1994 plaintiff moved for summary judgment against all defendants. On August 31, 1995 this court (Gershengorn, J.) allowed plaintiffs motion for summary judgment, without opposition, as against defendants Lorraine and John Daher. This court granted defendant Youssef an extension until November 28, 1995 to submit his opposition. Before the court are the following motions: (1) plaintiffs motion for summary judgment as to defendant Youssef, (2) plaintiffs motion to strike the affidavit of Karim Youssef, (3) defendant’s motions for sanctions, (4) attorneys fees and costs, and (5) dismissal, and (6) defendant’s motion to strike plaintiffs answers to interrogatories. For the foregoing reasons, all six motions are DENIED.
BACKGROUND
The evidence presented upon this motion is detailed in this court’s opinion dated August 31, 1995. The defendants reported an automobile damage claim stating that it was a result of a collision between defendant Lorraine Daher’s Mercedes and defendant Youssefs Oldsmobile. Plaintiff, defendant Lorraine Daher’s insurer, made payment to her in the amount of $22,322.74. Defendant Youssef ultimately received payment through his own insurance company.
Metropolitan’s representative,' Thomas P. Callahan, Jr., determined upon examination that the two cars could not have been damaged in a reciprocal collision. At his deposition, defendant Youssef testified to background information, that he did in fact know the operator of the other vehicle to be John Daher, and that Massachusetts Auto Body repaired his vehicle. He then asserted his Fifth Amendment right against self-incrimination.
DISCUSSION
1. Defendant’s Motion to Strike Plaintiffs Answers to Interrogatories:
Defendant moves to strike plaintiffs answers to interrogatories arguing that they are evasive, vague and nonresponsive. The proper mechanism for defendant’s motion is a motion for an order compelling discovery under Mass.R.Civ.P. 37(a)(3). Rule 37(a) authorizes the court to compel discovery where an opposing party fails to answer a discovery request, or submits an incomplete or evasive answer. Mass.R.Civ.P. 37(a).
Defendant argues that plaintiffs response to interrogatory #5 is incomplete. Interrogatory #5 seeks the “subject matter” of expert testimony, the “substance” of facts and opinions to be given, and a “summary” of the grounds of such opinion. Plaintiffs answer to *608 interrogatory #5 is sufficient. A detailed response is not required when the interrogatory seeks “subject matter,” “substance” and “summary”
Defendant next argues that the use of the phrase “but not limited to” in plaintiffs response to interrogatory #6 indicates that the response is evasive. Plaintiffs response to interrogatory #6 is sufficient. The use of the phrase, although unartful, was meant to safeguard plaintiffs ability to supplement its answer should further information become available.
There is no indication in the record that plaintiffs response to either interrogatory is in any way incomplete. See S&R Realty Corporation v. Marion, 5 Mass.App.Ct. 800 (1977). Accordingly, an order compelling further answers would be inappropriate.
2.Defendant’s Rule 37(b) motions:
Defendant seeks dismissal, sanctions, and attorneys fees and costs by three separate motions. Defendant argues that plaintiffs response to interrogatories was incomplete and that plaintiff has not complied with this court’s order of May 19, 1995, compelling production of documents in response to Requests #1, #11, and #12. Mass.R.Civ.P. 37(b) gives this court discretionary authority to impose sanctions for failure to comply with an order compelling discovery. Mass.R.Civ.P. 37(b).
Plaintiffs answers to interrogatories are sufficient as noted above. No order compelling further answers has issued, and, accordingly, no sanction can issue for noncompliance.
The supplemental responses to defendant’s request for production of documents include the documents requested under Request #1, and a statement that the documents requested under Requests #11 and #12 were already provided in response to other requests. “[TJhere is nothing in the record which casts doubt on the truth of [plaintiffs] response.” Id. Any sanctions for noncompliance would therefore be inappropriate.
3.Plaintiffs Motion to Strike Defendant Youssefs Affidavit.
Plaintiff argues that because Youssef asserted his right against self-incrimination during his deposition on January 5, 1995, he cannot now submit an affidavit concerning the same subject matter. It is true that where one invokes the right against self-incrimination during discovery, affidavits upon the same subject matter submitted to oppose a motion for summary judgment may be stricken. United States v. Parcels of Land, 903 F.2d 36, 43 (1st Cir. 1990). This situation is analogous to that where a court prohibits the testimony of a witness at trial where the witness asserted her right against self-incrimination during deposition. Gutierrex-Rodriquez v. Cartagena, 882 F.2d 553, 576 (1st Cir. 1989). The rule is designed to prevent a party from using “the fifth amendment to shield herself from the opposition’s inquiries during discovery only to impale her accusers with surprise testimony at trial.” Id.
The present case, however, does not fit squarely within the above rules. Youssefs affidavit is essentially the same as his deposition testimony. In both he states that he was involved in an accident with a car driven by defendant John Daher. Accordingly, there is no element of unfair surprise. Regardless of whether this court strikes the affidavit, the deposition testimony is properly before the court. Youssef may also have waived his right against self-incrimination concerning this accident in either his June 8, 1994 examination or his January 5, 1995 deposition. Commonwealth v. Penta, 32 Mass.App.Ct. 36, 44-46 (1992). Under these circumstances, the court will not exercise its discretion to strike Youssefs affidavit.
4.Plaintiffs Motion for Summary Judgment.
This court grants summary judgment where there are no genuine issues of material facts and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The nonmoving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) citing Celotex v. Catrett, 477 U.S. 317, 322 (1986).
The evidence of deceit presented by plaintiff consists of 1) four conclusory paragraphs in the affidavit of Thomas P. Callahan, Jr.[2] and 2) the fact that Youssef asserted his right against self-incrimination during deposition. Callahan states that after investigating the defendants’ claim, he determined that the damage was not caused by a reciprocal collision, as represented by Youssef. Nowhere does plaintiff set forth specific facts which would support such an assertion. Such con-clusoiy statements cannot be relied upon in determining this motion. Key Capital Corp. v. M&S Liquidating Corp., 27 Mass.App.Ct. 721, 728 (1989).
A reasonable inference may be drawn by Youssefs assertion of his right against self-incrimination. Qunital v. Commissioner of the Dept. of Employment & Training, 418 Mass. 855, 861 (1994). That inference, however, is not sufficient “by itself, to meet an opponent’s burden of proof.” Id. (citations omitted).
Plaintiff has not submitted sufficient evidence to meet its initial burden of affirmatively demonstrating the absence of a triable issue. In addition, defendant’s deposition testimony, that he was in a collision with a car driven by defendant John Daher, creates a genuine issue of fact.
*609 ORDER
For the foregoing reasons, plaintiffs motion for summary judgment as against defendant Youssef, plaintiffs motion to strike the affidavit of Karim Youssef, defendant Youssefs motion for sanctions, defendant Youssefs motion for attorneys fees and costs, defendant Youssefs motion for dismissal, and defendant Youssefs motion to strike plaintiffs answers to interrogatories are DENIED.

“19. On June 4, 1994, Metropolitan’s representatives conducted a comparative analysis of the damages to Karim Youssefs Oldsmobile and Lorraine Daher’s Mercedes.
20. This representative, concluded that the Oldsmobile and Mercedes were not damaged in a reciprocal collision, as represented by the Defendants.
21. The damage to Lorraine Daher’s Mercedes was not direct and accidental.
22. The damage was intentionally caused by the Defendants acting in concert with one another, for the puipose of filing a fraudulent insurance claim and recovering the proceeds available under the applicable policies of insurance."
Affidavit of Thomas P. Callahan, Jr., paragraphs 19-22.