Nickerson, Gary A., J.
The defendant, Sex Offender Registry Board (“SORB”), made a preliminary recommendation that the plaintiff, Frederick R. France (“France”), be classified as a level three sex offender. France challenged the classification in a de novo administrative hearing. Thereafter, the hearing examiner concluded that France poses a high risk of reoffense and danger to the public, which warranted registration as a level three sex offender. France appealed to this court pursuant to G.L.c. 6, §178M and G.L.c. 30A, §14, and moved for judgment on the pleadings. The court held a hearing on June 9, 2009. For the reasons stated below, France’s motion for judgment on the pleadings will be DENIED.

BACKGROUND

At 10:15 a.m. on August 9, 1987, France drove his car down South Yarmouth Road in Dennis, Massachusetts. France stopped the car and opened the passenger-side door to ask a twenty-five year old female pedestrian for directions. France had previously never met the pedestrian. After a brief conversation, France grabbed the pedestrian (“the Victim”) and pulled her into the car. France then proceeded to drive the car while ignoring the Victim’s requests to be let go. France subsequently parked the car with the passenger-side door against a large tree, which kept the Victim from opening the door.
At this point, France moved closer to the Victim and told her to take off her shorts. When she refused, France physically restrained the Victim and removed her pants, underwear, and top. France then pulled the Victim from the car and dragged her outside to the rear of the vehicle. Although France told the Victim “if you do what I want, I will not hurt you,” she resisted France’s attempts to spread her legs. France, however, overcame her resistance and vaginally raped the Victim until he ejaculated. France committed the rape in *581 a public area, on the ground at the rear of his car. Before he allowed her to leave, France demanded money from the Victim and took $40 from her person. The Victim subsequently fled the scene and later provided the police with a physical description of France and his car, including the license plate number.
On April 11, 1988, a juiy convicted France of rape and unarmed robbery. France had been on parole at the time of the incident, due to previous convictions for non-sexual offenses. France received an eighteen-to twenty-year sentence for the rape conviction, and nine to ten years concurrent for the unarmed robbery conviction. On January 13, 2007, France completed his sentence for the rape and unarmed robbery convictions. On August 27, 2008, France completed his sentence for the parole violation. Since being released from incarceration, France has not been subject to any community supervision.
Following the completion of France’s sentence for rape, SORB recommended that France register as a high risk offender,[1] and notified him of the determination on or about July 21, 2008. France timely requested an administrative hearing to challenge SORB’s preliminary recommendation. A hearing examiner conducted a de novo evidentiary hearing on October 24, 2008. After submitting records and documentation, SORB rested its case. France testified and denied committing the sex offense, and he called his sister as an alibi witness.[2] On November 5, 2008, the hearing examiner issued a decision designating France as a level three sex offender, thus allowing public dissemination of registration information.[3]
The hearing examiner based his decision on the application of statutory and regulatory factors. Specifically, the hearing examiner found that France committed a “Sexually violent offense” as defined by G.L.c. 6, §178C. The hearing examiner pointed to the fact that France committed the sex offense while on parole, which demonstrated unsatisfactory adjustment to the external controls of community supervision. In addition, France committed the sex offense in a public place on a stranger, which created a large pool of potential victims. The hearing examiner also found that France had a high level of physical contact with the Victim, and employed the use of threats, as well as violence and force, during the commission of the sex offense. The hearing examiner further found that France continues to deny responsibility for committing the sex offense, and that he did not benefit from available sex offender treatment while incarcerated.[4] Finally, the hearing examiner found that France, at the time of the hearing, had only been offense free in the community for less than a year.[5]
In his written decision, the hearing examiner also identified and considered mitigating factors. Specifically, the hearing examiner recognized that France’s index sex offense occurred twenty years prior,[6] and that he assisted other prisoners with their legal issues and education while incarcerated. The hearing examiner considered that France has a stable and supportive living environment with his sister and her family, and that he became an active member in her church. The hearing examiner, however, found that the aggravating factors outweighed the mitigating factors, concluding that France “poses a high risk to re-offend and a high degree of danger to the public such that his identifying information should be disseminated to the public.”

DISCUSSION

I. Standard of Review

Under G.L.c. 30A, §14, any person aggrieved by a decision of any agency in an adjudicatory proceeding has the right to appeal that decision to the Superior Court. A court may reverse or modify an agency decision “if it determines that the substantial rights of any party may have been prejudiced,” because the decision is “unsupported by substantial evidence,” or is “arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law.” G.L.c. 30A, § 14(7). The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. See Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bonds, 27 Mass.App.Ct. 470, 474 (1989).
When reviewing an agency’s decision, “the court shall give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.” G.L.c. 30A, §14(7). “If [an] agency has, in the discretionary exercise of its expertise, made a choice between two fairly conflicting views, and its selection reflects reasonable evidence, [a] court may not displace [the agency’s] choice . . . even though the court would justifiably have made a different choice had the matter been before it de novo.” Lisbon v. Contributory Ret Appeal Bd., 41 Mass.App.Ct. 246, 257 (1996) (internal quotations omitted).

II. Expert Evidence

First, France argues SORB did not meet its burden of proof because it failed to introduce expert testimony. SORB has the burden of proving an offender’s risk classification by a preponderance of the evidence. See Doe, Sex Offender Registry Bd. No. 972 v. Sex Offender Registry Bd., 428 Mass. 90, 91 (1998). Specifically, a level three classification requires a finding that the “risk of reoffense is high and the degree of dangerousness posed to the public is such that a substantial public safety interest is served by active dissemination.” G.L.c. 6, §178K(2)(c).
The Supreme Judicial Court has concluded that expert testimony is unnecessary in classification proceedings before SORB, because G.L.c. 6, §178L(l)(c) makes expert testimony discretionary rather than *582 mandatory. Doe, Sex Offender Registry Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass. 779, 786 (2006). Therefore, the court concludes that France’s argument regarding expert testimony is without merit.

III. Whether the Hearing Examiner’s Decision is Invalid

Second, France argues the hearing examiner committed errors of law, acted arbitrarily and capriciously, and drew conclusions not supported by substantial evidence. France takes the position that the hearing examiner only relied upon three factors, which do not support the conclusion that he is a level three sex offender: France has been offense free in the community for less than a year, he refused sex offender treatment while incarcerated, and continues to deny responsibility for committing the sex offense. Moreover, France argues that SORB failed to meet its burden because of the presence of mitigating factors.
A review of the decision indicates that the hearing examiner did not merely rely upon three aggravating factors, as suggested by France. Specifically, the hearing examiner found that France committed a statutorily defined sexually violent offense thereby demonstrating “an increased risk to children and other vulnerable persons,” 803 Code Mass. Regs. § 140(9) (c) (12) (2002). Regarding location, France committed the offense in a public place, which suggests “lack of impulse control.” Id. at § 1.40(9) (c)(1). Regarding the Victim, France offended against a stranger, which suggests a greater pool of potential victims and an increased risk of reoffense. Id. at §1.40(7). In addition, the hearing examiner recognized that France threatened the Victim and used force during the offense, id. at §1.40(8), and had a high level of physical contact with the Victim, which is considered useful information in determining the degree of dangerousness. Id. at §1.40(9)(c)(7). Furthermore, the hearing examiner found that France had unsatisfactorily adjusted to the external controls of the communiiy, id. at §1.40(20), demonstrated by the commission of a sex offense while on parole. Id. at §1.40(9)(c)(5). The hearing examiner also recognized that France has continued to deny responsibility for committing the sex offense, id. at §1.40(9) (c)(13), and that he refused to take advantage of available sex offender treatment while incarcerated. Id. at §1.40(17). Finally, the hearing examiner found that, at the time of the hearing, France had only been offense free in the community for less than a year, which suggests a high risk of reoffense since the risk of recidivism is highest within the first five years the offender returns to the community. Id. at §1.40(9)(a).
As mitigating factors, the hearing examiner acknowledged France’s positive activities in prison, and that he lives in a supportive and a stable environment. 803 Code Mass. Regs. §1.40(12). While mentioning how the index sex offense occurred twenty years prior, the hearing examiner noted how France had little opportunity to reoffend, due to being incarcerated during the intervening period. Therefore, the hearing examiner decided, after weighing the applicable factors on both sides, that France should register as a level three sex offender.
While France argues the hearing examiner’s conclusion is not based on substantial evidence, the hearing examiner based the decision on the presence of ten aggravating factors, which overwhelmingly outweighed the mitigating factors. It is well-established that “[sjubstantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion, taking into account whatever in the record detracts from its weight." Lycurgus v. Director of Div. of Employment Security, 391 Mass. 623, 627-28 (1984) (citations omitted). See G.L.c. 30A, §1(6). The court concludes a reasonable mind could accept the presence of ten aggravating factors, such as committing a sexually violent offense on a stranger in public, as supporting the hearing examiner’s conclusion that France poses a high risk of reoffense and danger to the public. Furthermore, the court concludes the hearing examiner did not commit an error of law by relying upon the statutory and regulatory factors, since SORB is required to consider such factors in classification proceedings. See G.L.c. 6, §178K(1).
As his decision is based on substantial evidence, the court cannot conclude that the hearing examiner acted arbitrarily and capriciously. “A decision is arbitrary and capricious when it lacks any rational explanation that reasonable persons might support.” Cambridge v. Civil Serv. Comm’n, 43 Mass.App.Ct. 300, 303 (1997) (citations omitted). Here, the hearing examiner applied the appropriate factors, and concluded that the aggravating factors outweighed the mitigating factors. Consequently, the hearing examiner’s decision has a rational basis.
France argues that he should only be designated as a level one sex offender. The court, however, cannot displace the hearing examiner’s decision when it is based on substantial evidence, and the hearing examiner neither acted arbitrarily and capriciously, nor committed errors of law. See Lisbon, 41 Mass.App.Ct. at 257.

IV. Constitutional Violations

Finally, France argues that requiring him to register as a level three sex offender under the facts of this case, and requiring the public dissemination of his registration information, would violate his state and federal constitutional rights against double jeopardy, ex post facto laws, and cruel and unusual punishment. These arguments, however, have been rejected by state and federal courts, because sex offender registration laws, like G.L.c. 6, §§178C-178Q, have been found to be civil and regulatoiy, rather than criminal and punitive. See Smith v. Doe, *583 538 U.S. 84, 105-06 (2003) (restrictive measures on sex offenders adjudged to be dangerous are civil and non-punitive, and thereby do not violate the Ex Post Facto Clause); Opinion of the Justices, 423 Mass. 1201, 1237-42 (1996) (registration and notification procedures have a regulatory purpose to prevent harm, which neither violates double jeopardy nor cruel and unusual punishment prohibitions). France does not cite any binding authority to the contrary, and he relies upon the position that SORB has failed to meet its burden, which the court has rejected as discussed above. Moreover, France overlooks Commonwealth v. Bruno, 432 Mass. 489, 500-02 (2000), where the court concluded that civil commitment of sexually dangerous persons pursuant to G.L.c. 123A does not violate ex post facto prohibitions, because civil commitment is non-punitive. Consequently, the court concludes that France has failed to establish that registration as a level three sex offender violates the referenced constitutional provisions.
France also argues that affirming the hearing examiner’s decision would infringe on his constitutionally protected privacy interests. While France may be burdened by registration and active public dissemination of his registration information, any right to privacy “would certainly be outweighed by the State’s regulatory interest in public safety.” Opinion of the Justices, 423 Mass. at 1237. Therefore, the court concludes any right to privacy would not be violated by requiring France to register as a level three sex offender.

ORDER

For the reasons stated above, it is ORDERED that the plaintiffs motion for judgment on the pleadings be DENIED, and the Board’s decision be AFFIRMED.

SORB had jurisdiction over France because a jury convicted him of an enumerated sex offense, and he resided in the Commonwealth. See G.L.c. 6, §§178C-178D.

At his criminal trial, France also called his sister as an alibi witness.

Specifically, a level three sex offender faces public dissemination of his or her (1) name; (2) home address; (3) work address; (4) the particular sex offense committed along with the date of conviction or adjudication; (5) their physical characteristics; and (6) a photograph if available. G.L.c. 6, §178k2(c).

France states that he could not be enrolled in treatment because he refused to take responsibility for a crime that he did not commit.

The hearing examiner also noted that France pled guilty to indecent exposure in South Carolina in 1984.

The hearing examiner did note that France had little opportunity to reoffend, considering he had been incarcerated for all but a few months during the intervening period.